IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY PRESTON MARSHBURN, )<br>#234323, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>      Respondent. ) | 3:05-CV-1451-G<br>ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Allred Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Iowa Park, Texas. Respondent is the Director of TDCJ-CID. The Court issued process in this case.

Statement of the Case: Petitioner is presently confined pursuant to the judgment and sentence of Criminal District Court No. 5 of Dallas County, Texas, in Cause Number C72-11739-HL. Ex parte Marshburn, No. 60,814-01 at 28. Petitioner pled guilty to the offense of robbery and was sentenced to seventy-five years imprisonment. Id.

In this habeas corpus action, Petitioner contends TDCJ-CID mistakenly changed the start date on his sentence from November 5, 1970, to March 29, 1973, and denied him credit for time served during that time period. He alleges that "[o]n June 24, 1975, [he] pleaded guilty . . . for the offense of robbery and was sentenced by the judge to 75 years, and as part of the plea bargain agreement the sentence was to be credited with time beginning [on] November 5, 1970." (Petition (Pet.) at 7a).

In his Advisory to the Court filed on July 21, 2006, Respondent informs the Court that on July 12, 2006, the state court filed a Judgment Nunc Pro Tunc in State of Texas v. Tommy Preston Marshburn, No. C-72-11739-HL, reflecting a sentence start date of March 29, 1973.

Findings and Conclusions:   The entry of the Judgment Nunc Pro Tunc requires this Court to examine whether it has jurisdiction over the instant action. See Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp, 494 U.S. 472, 477-78 (1990)). "This means that, through out the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id. (quoting Lewis, 494 U.S. at 477).

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a

legally cognizable interest in the outcome." <u>Geraghty</u>, 445 U.S. at 396 (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969)).  When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he has been released.  <u>Lane v. Williams</u>, 455 U.S. 624, 631 (1982).  In other words, when a petitioner does not attack his conviction, continuing collateral consequences required to demonstrate a concrete injury are not presumed and must be proven.  <u>Spencer</u>, 523 U.S. at 14.

     Petitioner does not challenge the validity of his underlying conviction.  As noted above, he complains only that TDCJ-CID erred in changing the start date of his sentence from November 5, 1970, to March 29, 1973.  Because the trial court recently issued a Judgment Nunc Pro Tunc reflecting a sentence start date of March 29, 1973, Petitioner cannot show that an actionable controversy continues in this case.  As a result, there is nothing further for this Court to remedy.  The petition should be dismissed as moot.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the petition for a writ of habeas corpus for want of jurisdiction the same being moot.

The Clerk will transmit a copy of this recommendation to Petitioner

Signed this 10th day of August, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.